**UNITED STATES of America,**
**Plaintiff—Appellant,**

v.

**Matthew T. MORLEDGE,**
**Defendant—Appellee.**

**Nos. 05–30545, 05–30546.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 7, 2006.*

Decided July 20, 2006.

Eric B. Wolff, Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellant.

Mark S. Werner, Esq., Federal Defenders of Montana, Billings, MT, for Defendant–Appellee.

Before: BEEZER, TALLMAN, and BYBEE, Circuit Judges.

MEMORANDUM **

The facts are known to the parties.

The government alleges that the district court impermissibly ignored relevant conduct when it did not consider Morledge's alleged confession on September 27, 2002 in computing his sentence under the United States Sentencing Guidelines. We agree. We have held that, notwithstanding the Supreme Court's decision in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), 18 U.S.C. § 3553(a) requires "district courts to take the applicable Guidelines range into consideration when sentencing" and "a material error by the district court in calculating the applicable Guidelines range is grounds for resentencing." *United States v. Cantrell,* 433 F.3d 1269, 1279–80 (9th Cir.2006). The district court did not consider the government's evidence that Morledge confessed to relevant conduct involving substantial drug dealing in his September 27, 2002 interview, nor did the court adjust the Guidelines sentence on the basis of the information allegedly disclosed during Morledge's confession. Rather, the district court ignored the evidence because it concluded that Morledge should not be held accountable for the substance of the alleged confession. United States Sentencing Guideline § 1B1.3(a) requires a sentencing court to consider relevant conduct in the sentencing of a defendant. Regardless of whether the district court would be otherwise justified in discounting Morledge's confession un-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

der *Booker* to give a lower sentence, the district court must first accurately compute the sentence under the Guidelines. It must then articulate reasons for departure (if does decide to depart) in order to allow for informed appellate review should the sentence imposed be thereafter challenged. Because the district court did not follow the Guidelines by first computing Morledge's sentencing range, we vacate the judgement imposing the sentence and remand for resentencing consistent with this decision. We vacate and remand for further sentencing consistent with this opinion.

VACATED and REMANDED.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the